**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re: Case No. 8:26-bk-04291-RCT
Chapter 11

4210 W Carmen St LLC

Debtor.

---

# DEBTOR'S MOTION TO DISMISS CHAPTER 11 CASE

## PURSUANT TO 11 U.S.C. § 1112(b)

4120 W Carmen St LLC, the debtor and debtor in possession in the above-captioned case (the "Debtor"), by and through undersigned counsel, hereby moves this Court, pursuant to section 1112(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1017 of the Federal Rules of Bankruptcy Procedure, for entry of an order dismissing the above-captioned chapter 11 case (the "Motion"). In support of the Motion, the Debtor respectfully states as follows:

## JURISDICTION AND VENUE

**1.** This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**2.** The statutory predicates for the relief requested herein are section 1112(b) of the Bankruptcy Code and Rule 1017 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

**3.** On May 20, 2026 the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court, commencing the above-captioned case (the "Case").

**4.** The Debtor has continued to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**5.** The debtor owns an uncompleted real estate parcel in South Tampa that has been experiencing financial problems.

**BASIS FOR RELIEF REQUESTED**

**6.** Since the Petition Date, the Debtor, in the exercise of its business judgment, has determined that it is in the best interests of the Debtor, its estate, and its creditors and other stakeholders to explore opportunities to resolve its financial affairs outside of the chapter 11 process. The Debtor has been in contact with new lenders that offer to refinance the existing security interest and provide new money to finish the project.

**7.** Section 1112(b)(1) of the Bankruptcy Code provides that, on request of a party in interest and after notice and a hearing, the Court "shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause." The Debtor, as debtor in possession, is a party in interest within the meaning of section 1112(b) and Bankruptcy Rule 1017(f).

**8.** Courts in this district and elsewhere recognize that a debtor's informed business judgment that dismissal will best serve the interests of the estate and its creditors, including a desire to pursue a resolution of its affairs outside the bankruptcy process, can constitute "cause" for dismissal under section 1112(b). Dismissal at this juncture will permit the Debtor to pursue such alternatives

without the continued administrative burden and expense of the Case, to the benefit of the estate and all parties in interest.

## CONSENT OF THE UNITED STATES TRUSTEE

**9.** Prior to filing this Motion, undersigned counsel conferred with counsel for the Office of the United States Trustee for Region 21 regarding the relief requested herein. The United States Trustee consents to the relief requested in this Motion and to the dismissal of the Case on the terms discussed in (10.)

**10.** As a condition of dismissal, and consistent with the United States Trustee's consent, the Debtor proposes to: (a) pay in full all outstanding fees owed to the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6), including any fees that accrue through the date of dismissal; (b) file any outstanding monthly operating reports and a final report as required by the Office of the United States Trustee; and (c) close all debtor-in-possession bank accounts opened in connection with the Case.

## NO PREJUDICE TO PARTIES IN INTEREST

**11.** The Debtor submits that dismissal of the Case will not prejudice creditors or other parties in interest. In this case, no plan has been confirmed, no property of the estate has been sold under section 363 that would be unwound, and all parties in interest will retain their non-bankruptcy rights and remedies upon dismissal

**13.** The Debtor further requests that, pursuant to section 349(b) of the Bankruptcy Code, the Court order that the dismissal be without prejudice to any party's rights and defenses, and that the Court retain such jurisdiction, if any, as is necessary or appropriate to address matters arising from or related to the administration of the Case, including approval of final fee applications, if any.

**14.** For the foregoing reasons, the Debtor respectfully submits that cause exists under section 1112(b) of the Bankruptcy Code to dismiss the Case, that dismissal is in the best interests of the Debtor, its estate, and its creditors, and that the requested relief is supported by the consent of the United States Trustee.

**WHEREFORE**, the Debtor respectfully requests that the Court dismisses the Case pursuant to 11 U.S.C. § 1112(b) on the terms set forth herein; and grant such other and further relief as the Court deems just and proper

Dated: August 21, 2026

/s/ Kevin Comer
Comer Law Firm
2135 ½ 2nd Avenue North
St. Petersburg FL 33713
727-729-2719
kevin@comer.work

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 21, 2026, a true and correct copy of the foregoing Motion was served (i) via the Court's CM/ECF electronic filing system on all parties registered to receive electronic notice in this Case, including the Office of the United States Trustee, and (ii) via U.S. Mail, first class postage prepaid, on the parties listed on the attached service list.

/s/ Kevin Comer

Label Matrix for local noticing
113A-8
Case 8:26-bk-04291-RCT
Middle District of Florida
Tampa
Fri Aug 21 13:01:04 EDT 2026

4210 W CARMEN ST, LLC
3628 Henderson Blvd
Tampa, FL 33609-4502

Carter Lumber
601 Tallmadge Road
Kent OH 44240-7331

Kevin Comer
Comer Law Firm
2135 1/2 2nd Avenue North
Saint Petersburg, FL 33713-8807

Coogan Window and Door
16015 US Highway 19
Hudson FL 34667
Ferrill Construction
3715 W Horatio Street
Tampa FL 33609-3917

Deltocar LLC
16007 Bonneville Drive
Dade City FL 33523-2028

Department of Revenue
PO Box 6668
Tallahassee FL 32314-6668

Teresa Marie Dorr
Office of the United States Trustee
501 E. Polk Street, Suite 1200
Tampa, FL 33602-3945

Lara Roeske Fernandez
Trenam Law
101 E. Kennedy Boulevard, Suite 2700
Tampa, FL 33602-5150

Florida Dept of Revenue
P.O. Box 6668
Tallahassee, FL 32314-6668

Gloria Blakeney
255 Widgeon Road
Walterboro SC 29488-5839

Gloria Blakeney
255 Widgeon Road
Walteroboro, SC 29488-5839

IRS
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

LN Investment Trust ESC
1701 Clay Hammond Road
Prince Frederick MD 20678-4550

Madison Trust fbo Robert Little
9511 Tree Tops Lake Road
Tampa FL 33626-4706

Sharon Mays
5802 Federal Court
Upper Marlboro MD 20772-3944

Tryon Street Acquisition Trust I
c/o FCI Lender Services, Inc.
PO Box 27370
Anaheim, CA 92809-0112

Tryon Street Acquisition Trust I
c/o Lara Roeske Fernandez
Trenam Law
101 E Kennedy Blvd, Suite 2700
Tampa, FL 33602-5150

Tryon Street Acquisition Trust I
c/o Lara Roeske Fernandez, Esq.
Florida Bar No. 0088500
lfernandez@trenam.com
Trenam, Kemker, Scharf, Barkin, Frye, ON
101 East Kennedy Boulevard, Suite 2700

United States Trustee - TPA
Timberlake Annex, Suite 1200
501 E Polk Street
Tampa, FL 33602-3949

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Gloria Blakeney
255 Widgeon Road
Walterboro SC 29488-5839

(u)Tryon Street Acquisition Trust I

(u)Tryon Street Acquisition Trust I
c/o Lara Roeske Fernandez, Esq.
Florida Bar No. 0088500
lfernandez@trenam.com
Trenam, Kemker, Scharf, Barkin, Frye, O
101 East Kennedy Boulevard, Suite 2700

End of Label Matrix
Mailable recipients 20
Bypassed recipients 3
Total 23